SUMMARY ORDER

Gui Lin, a native and citizen of the People’s Republic of China, seeks review of a July 28, 2008 order of the BIA, affirming the June 19, 2007 decision of Immigration Judge (“IJ”) Alan Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Gui Lin, No. A079 682 438 (B.I.A. July 28, 2008), *73 aff'g No. A079 682 438 (Immig. Ct. N.Y. City June 19, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the BIA’s decision. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency did not err in finding that Lin failed to show past persecution due to the forced abortion performed on his wife. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296 (2d Cir.2007) (en banc). Lin does not challenge that finding, but rather argues for the first time before this Court that he is eligible for relief because he suffered past persecution by virtue of the fine he received for his wife’s illegal pregnancy. We decline to consider this unex-hausted argument. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).
In addition, the agency did not err in finding that Lin had not demonstrated a well-founded fear of persecution based on his “other resistance” to a coercive population control program. See 8 U.S.C. § 1101(a)(42). In reaching that conclusion, the agency properly relied on the fact that Lin’s wife remained unharmed in China following Lin’s departure in 2000. While family planning authorities may have fined both Lin and his wife for their violation of the coercive birth control policy, and may have threatened to sterilize Lin’s wife and put him in jail if the fine was not paid, Lin’s wife remains unharmed in China despite their failure to pay the fine. See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (finding that where an asylum applicant’s similarly-situated family members remain in the applicant’s native country unharmed, a claim of a well-founded fear is diminished); see also Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir.2005) (stating that fear of persecution is diminished when “family members remain in petitioner’s native country without meeting harm”). Moreover, the agency did not err in finding that Lin failed to show that he would face an unreasonably lengthy imprisonment, or that the conditions of his imprisonment would amount to persecution or torture. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (applicant has burden to show that the harm he fears is sufficiently severe, rising above “mere harassment”); Pierre v. Gonzales, 502 F.3d 109, 118-19 (2d Cir.2007) (holding that a CAT claimant must provide evidence beyond that of inhumane prison conditions, including some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained).
Accordingly, we shall not disturb the agency’s denial of Lin’s application for asylum, withholding of removal, and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal and CAT claims necessarily fail if petitioner is unable to show the objective likelihood of persecution necessary for his asylum claim and the factual predicate for both claims is the same).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.